UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br>    Plaintiff,<br>    v.<br>SHAWN HATTON,<br>    Defendant. | Case No. 17-cv-02830-SI<br><br>**ORDER OF DISMISSAL** |

This action was opened when Mario Torres, an inmate at the Correctional Training Facility in Soledad, filed a "notice of (proposal) to cease-and-desist (pursuant to appeal and writs § 18.24.3)." Docket No. 1. Warden Shawn Hatton is listed as the defendant. *Id.* at 1. The court construes the document to be a civil complaint and now reviews it pursuant to 28 U.S.C. § 1915A.

**BACKGROUND**

Torres complains about an upcoming transfer to a new prison. He alleges that, on or about April 3, 2017, he was offered a transfer to a minimum security prison, but he declined and informed the committee "that he had litigation in the courts and that a transfer would greatly impair his preparation and defense in his proceedings." Docket No. 1 at 1. On May 9, 2017, he was told that he was being transferred against his will. *Id.* Torres' litigation efforts included a petition for writ of habeas corpus pending in Contra Costa County Superior Court, a petition for writ of mandate pending in the California Supreme Court, a civil rights action under 42 U.S.C. § 1983 pending in this court, and a federal habeas petition he was preparing to file. *Id.* at 3-4; *see also* Docket No. 4 (record on appeal for direct appeal of criminal conviction was filed on May 8, 2017). Torres contends that transferring him violates Federal Rule of Appellate Procedure 23(a), a

1  rule against transfers of certain habeas petitioners. He requests that an order be issued prohibiting Torres' transfer from his current prison so that his litigation efforts are not impaired. Docket No. 1 at 4.

As of September 20, 2017, Torres remained housed at the Correctional Training Facility in Soledad. *See* Docket No. 8 in *Torres v. Hatton*, No. 17-cv-4332 PJH.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. *See Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (intrastate prison transfer does not implicate Due Process Clause). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). The allegation that Torres was or will be transferred fails to state a claim for a violation of any constitutional right. The additional allegation that a transfer *might* disrupt his pursuit of one or more of his many cases does not give him any constitutional right to

avoid transfer to another prison.

Federal Rule of Appellate Procedure 23 provides: "Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule." Fed. R. App. P. 23(a). Rule 23 provides no help to Torres. The rule, like other Federal Rules of Appellate Procedure, only applies to cases pending in the United States Courts of Appeals. *See* Fed. R. App. P. 1(a)(1). Torres has not alleged he has any appeal pending in the United States Court of Appeal and the Ninth Circuit's website shows no open cases for Torres. Indeed, he only recently filed a federal habeas petition and has requested a stay of that action. *See Torres v. Hatton*, Case No. 17-cv-4332 PJH. There has been no final order regarding his release in that recently-filed habeas action, let alone an appeal from such an order. This court need not decide whether Rule 23(a) provides any "rights, privileges, or immunities secured by the Constitution and laws" of the Untied States, such that an action under § 1983 could be based on it, because the rule plainly does not apply to Torres' current situation.

## CONCLUSION

The complaint fails to state a § 1983 claim upon which relief may be granted. Leave to amend will not be granted because it would be futile. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: October 5, 2017

_____
SUSAN ILLSTON
United States District Judge